# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LUIS GUARDADO, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PWG-18-1365 |
| WARDEN RICHARD DOVEY and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents. | * | |
| | *** | |

## **MEMORANDUM OPINION**

Self-represented Petitioner Luis Guardado filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Petition challenges Guardado's 2014 conviction in the Circuit Court for Montgomery County, Maryland for second-degree rape. *Id.*; *see* State Ct. Docket 1, ECF No. 3-1. Respondents filed an answer in which they argue, in part, that the Petition is time-barred under 28 U.S.C. § 2244(d)(1)-(2). ECF No. 3. Guardado filed a reply, stating that he filed the Petition immediately after the state court denied him post-conviction relief. ECF No. 6. An evidentiary hearing is unnecessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). Because it is time-barred, Guardado's Petition is dismissed, and a certificate of appealability shall not issue.

## **BACKGROUND**

Following a jury trial in July, 2014, Guardado was convicted in the Circuit Court for Montgomery County of second-degree rape. *See* State Ct. Docket 8-11. On November 13, 2014,

he was sentenced to 20 years' imprisonment with all but nine years suspended, followed by a period of supervised probation. *Id.* at 1, 12. In an unreported opinion filed on October 14, 2015, the Court of Special Appeals of Maryland affirmed Guardado's convictions. *See Guardado v. State*, No. 2397, Sept. Term 2014 (Md. Ct. Spec. App. Oct. 14, 2015) (unreported), ECF No. 3-10. Guardado then filed a petition for writ of certiorari, which the Court of Appeals of Maryland denied on January 29, 2016. Cert. Pet. & Order, ECF No. 3-10, at 15-18. Guardado did not seek further review in the Supreme Court.

On December 12, 2014, Guardado filed a motion for new trial, which the circuit court denied.[1] *See* State Ct. Docket 16-17, 20. Guardado appealed to the Court of Special Appeals, which affirmed the circuit court's decision in an unreported opinion filed on June 3, 2016, with the mandate issuing on July 5, 2016. *See Guardado v. State*, No. 0928, Sept. Term 2015 (Md. Ct. Spec. App. June 3, 2016) (unreported), ECF No. 3-13. Guardado did not seek further review of that ruling in the Court of Appeals.

On December 13, 2016, Guardado filed a petition for post-conviction relief in state circuit court. *See* Stmt. of Reasons & Order 1, ECF No. 3-14. After a hearing on September 28, 2017, the post-conviction court denied Guardado's petition; the court filed its order on October 11, 2017. *Id.* at 9; State Ct. Docket 13. On November 17, 2017, Guardado filed an application for leave to appeal the denial of post-conviction relief to the Court of Special Appeals, which dismissed the appeal as untimely by order dated January 22, 2018. State Ct. Docket 13-14; Application, ECF No. 3-15. The court's mandate issued on February 21, 2018. State Ct. Docket 13.

---

[1] That same day, Guardado also filed a Motion for Reconsideration, which the circuit court denied on March 20, 2015. State Ct. Docket 17, 19.

On May 8, 2018, Guardado filed his Petition in this Court,[2] claiming that trial counsel rendered ineffective assistance by failing to contact witnesses and failing to acquire requested evidence. Pet. 6. Guardado also claims that the circuit court erred in limiting cross-examination of the victim regarding her immigration status. *Id.*

## DISCUSSION

The threshold issue in this case is the timeliness of the petition. Only if the Petition is timely may the Court reach the merits of Guardado's claims.

A one-year statute of limitations applies to habeas petitions in non-capital cases for persons convicted in state court. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 550 (2011). Section 2244(d)(1) provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

---

[2] Although the Court received Guardado's Petition on May 10, 2018, his Petition is deemed filed as of the date he mailed it. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system); *see also* Envelope 2, ECF No. 1-1.

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The limitation period may also be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).

As Respondents correctly state, Guardado's judgment of conviction became final for direct review purposes on April 28, 2016, or 90 days after the Court of Appeals of Maryland denied his petition for writ of certiorari. Answer 9, 15 (citing Sup. Ct. Rule 13.1 (requiring petition for a writ of certiorari to Supreme Court to be filed within 90 days of date of judgment from which review is sought)). Although Guardado filed a motion for new trial pursuant to Maryland Rule 4-331, that motion, as the Court of Special Appeals explained, did not fall within any of the subsections of that rule. *Guardado*, No. 0928, at 8-10. Because that motion was not a valid motion under the Rule, it was not a properly filed application for collateral review and did not toll the Section 2244(d) limitations period. Therefore, the statute of limitations began to run on April 29, 2016. *See* 28 U.S.C. § 2244(d)(1).

Guardado filed his petition for post-conviction relief in state court 229 days later, on December 13, 2016. *See* Stmt. of Reasons & Order 1; Pet. 4. The limitations period was then statutorily tolled until November 10, 2017, when the time for filing an application for leave to appeal from the October 11, 2017 denial of post-conviction relief expired and the post-conviction court's ruling became final. *See* Md. Rule 8-204 (requiring application to be filed within 30 days

4

of the date of judgment from which appeal is sought).[3] Guardado filed his Petition for Writ of Habeas Corpus 179 days later, on May 8, 2018. *See* Envelope, ECF No. 1-1.

In sum, Guardado did not file his Petition until 408 days, or over a year, after his judgment became final. Therefore, Guardado's current federal habeas Petition is statutorily time-barred under 28 U.S.C. § 2244(d). As he has not stated a basis for equitable tolling, the Petition is dismissed.

## CERTIFICATE OF APPEALABILITY

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a petition is denied on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see Buck v. Davis*, 137 S.Ct. 759, 773 (2017). Because Guardado fails to satisfy this standard, the Court declines to issue a certificate of appealability.

---

[3] Although Guardado filed an application for leave to appeal the denial of post-conviction relief to the Court of Special Appeals on November 17, 2017, *see* ECF No. 3-15, the appeal was dismissed as untimely, State Ct. Docket 13–14; *see* Md. Rule 8-204(b)(2). Therefore, the appeal was not deemed "properly filed" pursuant to § 2244(d)(2) and did not toll the limitations period. *See Evans v. Chavis*, 546 U.S. 189, 191 (2006) ("The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." (emphasis in *Evans*)).

## CONCLUSION

For the foregoing reasons, the Court will dismiss Guardado's Petition for Writ of Habeas Corpus and decline to issue a certificate of appealability. A separate order follows.

_____  _____7/11/19_____
Date                 Paul W. Grimm
                     United States District Judge